ALAN BAUM (#042160)
6246 Shoup Ave.
Woodland Hills, CA 91367
Telephone: (818) 590-5542
Facsimile: (818) 598-8701
sfvab@aol.com

Attorney for Defendant,
ANTHONY ACEVEDO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No.: 07-CR 802 (DAB) |
| ) | |
| Plaintiff, ) | DEFENDANT'S SENTENCING |
| ) | MEMORANDUM |
| v. ) | |
| ) | |
| ANTHONY ACEVEDO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, ANTHONY ACEVEDO, by and through his attorney of record, Alan Baum, hereby submits this Sentencing Memorandum relevant to sentencing factors under 18 U.S.C. §3553(a).

Dated: January 10, 2008          ____/s/ Alan Baum____
                                  ALAN BAUM
                                  Attorney for Defendant

# I
# INTRODUCTION

On August 23, 2007, Defendant ANTHONY ACEVEDO pleaded guilty, pursuant to a written plea agreement , to a one-count Information, charging a violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), Possession of Child Pornography.  The Plea Agreement contains comprehensive stipulations regarding the relevant conduct which the parties have agreed apply to the case.  Defendant has no objection to either the Probation Officer's presentation of The Offense Conduct (PSR paragraphs 5 through15), nor to the Probation Officer's Offense Level Computation (PSR paragraphs 21 through 33).  What the defendant does submit is that a sentence below the advisory guideline range of 78 to 97 months is not only permitted under the present state of the law but also fair and just, under all factors that the Court must take into consideration.  After all is said and done, the defendant will be asking the Court to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes of sentencing"**.**

# II
# FACTORS UNDER U.S.C. § 3553(a)

Prior to the Supreme Court's decision in United States v. Booker,125 S. Ct. 738 (2005), the Federal Sentencing Guidelines were mandatory in nature, based on the instructions set forth in 18 U.S.C. §3553(b).  Although departures below the guideline range were permissible in some instances, in practice, departures, with the exception of departures for Substantial Assistance [see U.S.S.G. §5K1.1], were rare and were expected to be rare.  The remedial portion of the Booker decision, however, excised §3553(b) from the United States Code, thus rendering the guidelines just one of the factors to be considered in formulating a just and appropriate sentence that is "sufficient,

but not greater than necessary, to comply with the purposes of sentencing set forth in paragraph (a)(2)" . 18 U.S.C. 3553 (a) states:

> **a)** Factors to be considered in imposing a sentence**.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
>
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed--
>
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> **(B)** to afford adequate deterrence to criminal conduct;
>
> **©)** to protect the public from further crimes of the defendant; and
>
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> **(3)** the kinds of sentences available;
>
> **(4)** the kinds of sentence and the sentencing range established for--
>
> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines...
>
> **(5)** any pertinent policy statement
>
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In the three or so years since *Booker*, all Circuits have considered cases where sentences were below the advisory guidelines and most have undertaken a *de novo* review. Recently, however, the

United State Supreme Court clarified the standard of review in *Gall v United States* (!2/10/2007), and held that sentences below the advisory guidelines are to reviewed on an "abuse of discretion" standard, that the advisory guidelines are not to be presumed reasonable, and that the district court is to be given due deference in making sentencing decisions. In the case before the Court, this defendant's advisory guideline range is 78 to 97 months . The defendant submits that, based upon the totality of the circumstances to be considered under 18 U.S.C. 3553(a), such a sentence is "greater than necessary, to comply with the purposes of sentencing".  Notwithstanding the nature of the offense, this defendant continues to be blessed by the love and support of his family and many friends, as demonstrated by the attached letters of support. While some punishment is certainly in order, consideration should be paid to the root causes of defendant's behavior with an eye toward some form of treatment. As observed by Mr,. Katz and confirmed by many family members, Mr. Acevedo's long and profound history as a victim of sexual abuse is, in fact, the root cause of the behavior that has brought him before this Court.

### III
### THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

Without a doubt, the nature of defendant's offense is abhorrent.  He was collecting and viewing pornographic images of children.  The harm that such conduct visits on children can not be overstated–some form of punishment is appropriate.

### IV
### THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The details of this defendant's background have been accurately reported in the presentence report.  He has never been arrested before and  has worked for the same employer for over 23 years.

The defendant is married.  Notwithstanding the present case, defendant's wife Diana, who works as an office manager, remains supportive of her husband.

In light of the nature of the present offense, counsel believed a full psychological evaluation of the defendant was appropriate.  The PSR contains excerpts from the report of Stephen Geller Katz, a licensed psychotherapist, who conducted such an evaluation.  Attached as an Exhibit to this Memorandum is not only Mr. Katz' complete report but also a 2-page statement of his qualifications.  While the source of Mr. Katz' information is largely the defendant, the letters from family that are separately attached verify the information about the sexual abuse this defendant has suffered.

In paragraph 70 the PSR refers to the fact that the defendant has been in therapy with Anthony Gambuzza for some eight months.  A report from Dr. Gambuzza is attached as an exhibit for the Court's consideration..

## V
**THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW AND TO PROVIDE JUST PUNISHMENT; TO AFFORD ADEQUATE DETERRENCE AND TO PROTECT THE PUBLIC**

It has already been conceded that the defendant's conduct warrants some form of punishment. What form that punishment should take is best left to the sound discretion of the Court..

If the opinion of the Mr. Katz is reliable, deterrence and protection of the public are seen as low risk in this case–defendant needs treatment but is not seen as a threat to act out.  There is no suggestion let alone evidence that this defendant has ever molested any children or has any interest or proclivity to do so in the future.

## VI
## THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT

While counsel is not a frequent practitioner in this district and is therefore not personally familiar with the kinds of sentences typically handed down in these kinds of cases, counsel has been a criminal attorney for over 39 years and for the last 25 or so of those years handled mostly federal cases in some 50 districts around the nation. A large percentage of the cases counsel has defended throughout the country have been those similar to the case before the Court–possession, receipt, and distribution of child pornography. It would be inappropriate for counsel to speak in any specifics as to the lengths of sentences imposed in counsel's cases; obviously, every case is different and comparisons are of little value. On the other hand, it is probably safe to say that in a case of this sort, a sentence of six and one- half to eight years would be at the extreme high end of those that have come before us, both in this district and others. .

Some judges, when analyzing the disparity issue, have taken a look at not only the general range of sentences in their own and neighboring districts, but have also considered the kind of sentences state court judges are imposing in similar cases. In U.S. vs Kustrzyk, 2007 U.S. Dist. Lexis 386, Case No. 05-80216 (Ed Mich Jan. 5, 2007) Hon. Lawrence P. Zatkoff, United State District Judge for the Eastern District of Michigan, Southern Division, did just that. Before the Court for sentencing was a defendant who had pled guilty to Mailing, Receiving and Possessing Child Pornography. His guidelines calculated out to a total offense level of 27 and a range of 70-87 months. In imposing a sentence of 30 months, Judge Zatkoff noted, in great detail, some of the sentences defendants have received in Michigan state cases where the conduct was at least as serious if not more serious than that of Mr. Kustrzyk and where the sentences were in the one to two year

range. In another similar case before Judge Zatkoff, the Court imposed a sentence of home detention for a defendant who possessed nearly 1400 images of child pornography on his home computer. Judge Zatkoff wrote:

> Sentencing a man who possesses child pornography to a term of six to seven years while a child predator receives only a one year sentence under state law does not promote respect for the law; to the contrary, it subjects the law to ridicule, criticism and skepticism.

In the State of New York, the Possession of Child Pornography is a class E felony, punishable by a sentence of at least one and one-half years and a maximum of four years, with a grant of probation being permissible.(See NY CLS § 263.16 and § 70.80(4)(a)(iv) and 4(b).

## VII

## THE EFFECT OF THE PLEA AGREEMENT

In the written plea agreement the parties have agreed that "either party may seek a sentence outside of the Stipulated Guideline Range...based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a)."

## VIII
## LETTERS OF RECOMMENDATION

Attached under separate cover are letters from the defendant's wife, his mother, his two sisters and several friends. All of those who have written the Court on his behalf are fully aware of the nature of the charge to which the defendant has pled guilty. Nonetheless, even those person with young children, with whom the defendant has interacted for many years, trust him and say so in their letters. It would appear that whatever Mr. Acevedo's sentence is, he will continue to enjoy the love

and support of his family and friends..

                                                    Respectfully submitted,

Dated: January 11, 2008              By  /s/  Alan Baum

                                                    Alan Baum,

                                                  Attorney for Defendant